COMPILER

OF GUAM
2012 DEC -5 AM 10: 02

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| R.K., INC., ) | CIVIL CASE NO. CV1224-12 |
| ) | |
| Plaintiff, ) | **DECISION AND ORDER** |
| ) | |
| v. ) | |
| ) | |
| SMART HAND INTERNATIONAL and ) | |
| DANIEL ARCENAS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## INTRODUCTION

This matter came before the HONORABLE ARTHUR R. BARCINAS on the 23rd day of November, 2012, on review after hearing on November 6, 2012, at which hearing it was apparent that service had not yet been effected on the Defendants in this case. James M. Maher, Esq., represents the Plaintiff, and the Defendants have not yet been served nor made an appearance. The Court now issues the following Decision and Order on the matter.

## DISCUSSION

The issue of personal jurisdiction arises in this case because the Plaintiff has "moved" for an order of the Court allowing service upon the Defendants through publication and mailing by submitting a "Verified Application for Service by Publication and Mail (GRCP Rule 4(o))," and a proposed "Order Re: Application for Service by Publication and Mail (GRCP Rule 4(o))."

**A) Failure to File a Motion in Compliance with the Local Rules of the Superior Court of Guam**

Pursuant to Rule 7(b)(1) of the Guam Rules of Civil Procedure, "[a]n application to the court for an order shall be by motion . . . ." GRCP Rule 7(b)(1)(2012). CVR 7.1(b) requires that motions must be made in writing, and must follow a particular form, "[e]very motion shall be presented in writing," and "the moving party must present a motion, which will contain the date on which the motion will be heard, as provided for in CVR Rule 7.1(e)(2)."

Pursuant to Rule 7.1(a) of the Local Rules of the Superior Court of Guam, "the provisions of this rule shall apply to motions, applications, petitions, orders to show cause, and all other proceedings except a trial on the merits and applications for a temporary restraining order . . . ." CVR 7.1(a)(2012)(emphasis added). Therefore, any application or motion requesting that the Court take action must follow the format prescribed by CVR Rule 7.1.

Pursuant to CVR 7.1(e)(2):

> Counsel for the parties must file an "Agreement of Hearing Date," in a form shown below in Attachment "CVR 7.1A." It shall be the responsibility of the moving party or his attorney to contact the attorney for each party who has entered an appearance, or if the party(ies) are pro se, it is the moving party's responsibility to contact the pro se party and propose a date for oral argument. Once the parties have agreed on a date for oral argument, the moving party shall clear the date with the chambers clerk. When the date has been cleared with the clerk, that date shall be inserted in the "Agreement of Hearing Date." If the parties do not agree on a date for oral argument or *if a party has not entered an appearance, the moving party may submit the "Agreement of Hearing Date" to the Court with a notation that the non-moving party does not agree or is not available*, in which event the Court shall either determine the hearing date or determine that no oral argument shall be scheduled and the motion shall proceed to briefing and disposition under CVR 7.1(e)(4), in the Court's discretion.

Local Rules of the Superior Court of Guam, CVR Rule 7.1 (e)(2) (2012)(emphasis added).

Thus, even if no other party has yet appeared in the action, the Plaintiff must still submit a written motion accompanied by an "Agreement of Hearing Date Form." In addition, pursuant to CVR 7.1(c), "[t]here *shall be* served and filed with the motion: (1) *a memorandum in support thereof containing the points and authorities upon which the moving parties relies, including citations . . . .*" CVR Rule 7.1(c)(2012)(emphases added). No Agreement of Hearing Date form and no Memorandum of Points and Authorities were included with the Plaintiff's "application."

Under CVR Rule 7.1(f), "Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule shall not be considered without leave of court." Under CVR 7.1(k), "The Court need not consider motions, oppositions to motions or briefs or memoranda that do not comply with this Rule," and "the failure to comply fully with this Rule subjects the offender at the discretion of the Court to the sanctions of General Rule 2.1." CVR 7.1(k)(2012).

> Under GR 2.1:
> The violation of or failure to conform to any of these General Rules, the Guam Rules of Civil Procedure, or the Local Rules of the Superior Court of Guam – Civil Rules shall subject the offending party or counsel to such penalties, including monetary sanctions and/or the imposition of costs and attorney's fees to opposing counsel, as the Court may deem appropriate under the circumstances.

Local Rules of the Superior Court of Guam GR 2.1 (2012).

Under CVR Rule 7.1(k), the Court need not consider the Plaintiff's application, as it does not comply with CVR 7.1. Because the Court finds that any application for an order must be made by motion which fully complies with the Guam Rules of Civil Procedure and the Local Rules of the Superior Court of Guam, the Court finds that the Plaintiff's application for an order for publication and mailing does not comply and may therefore, be STRICKEN on this basis.

**B)  Personal Jurisdiction and Service**

The Plaintiff's application for service by publication and mailing is deficient in other, more substantial respects.

Rule 4(e) of the Guam Rules of Civil Procedure requires that if a person against whom an action is filed is a resident of Guam or any other jurisdiction of the United States, they must be served either: (1) under the laws of Guam; (2) "as prescribed by the law of the place where the person is served;" or (3) in person, or at his residence by leaving it with a household member of suitable age, or by serving the person's agent. GRCP Rule 4(e)(2012). Substituted service by statute, 7 GCA § 14106, under Rule 4(o) is permitted through operation of Rule 4(e)(1). However, if the Defendants are not residents of Guam or any jurisdiction of the United States, and are instead resident of a foreign country, then service must be made under GRCP

Rule 4(f), and may no longer be made "in any manner prescribed or authorized by the laws of Guam," as permitted under GRCP Rule 4(e)(1), but instead must be made only in conformity with GRCP Rule 4(f), in order to abide by the laws of the sovereign nation in which service will be made. Personal service under Rule 4 must be made within 180 days of the filing, but may be extended by the Court for good cause. GRCP Rule 4(m)(2012).

In this case, the Order Re: Application for Service by Publication and Mail was unsupported and therefore, invalid, on two bases: 1) the declaration and verified complaint in this case indicate the physical location of the Defendants in a foreign country, the Republic of the Philippines, and therefore, substituted service under 7 GCA § 14106 through Rule 4(o) is inapplicable; and 2) even if substituted service under 7 GCA 14106 were applicable, the verified application and complaint submitted did not contain the factual statements required under 7 GCA § 14106, and no due diligence has yet been demonstrated prior to the request for substituted service.

1) Foreign Service May be Required

A court must have jurisdiction over a defendant's person, his or her property, or the *res* which is the subject of the suit; further, the defendant must be amenable to and must receive service of process. These are the concepts that embody jurisdiction and service as required for due process of law. A court may not enter a valid personal judgment in the absence of the proper exercise of personal jurisdiction after proper service. Pennoyer v. Neff, 95 U.S. 714, 716 (1877)("said judgment is *in personam*, and appears to have been given without the appearance of the defendant in the action, or personal service of the summons upon him, and while he was a non-resident of the State, and is, therefore, void"); New York Life Insurance Co. v. Dunlevy, 241 U.S. 518, 522–23 (1916); Hansberry v. Lee, 311 U.S. 32, 40 (1940)("It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation . . .to which he has not been made a party by service of process.").

As a prerequisite to a court's exercise of personal jurisdiction over a defendant (or jurisdiction over the *res* of the suit), the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and

jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444–45 (1946); *see also* Robertson v. Railroad Labor Bd., 268 U.S. 619, 622–23 (1925).

Prior to 1993, three conditions needed to be satisfied before a court could exercise personal jurisdiction over a non-resident Defendant; 1) a constitutionally sufficient relationship must exist between the Defendant and the forum; 2) a basis for the Defendant's amenability to service of summons must exist; and 3) the procedural requirement of service of summons must have been satisfied by notice to the Defendant. Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 103–104, and n.6 (1987).

In 1987, in Omni Capital International v. Rudolf Wolff & Company, Ltd., the Supreme Court held that international service on a foreign Defendant under the Commodities Exchange Act, which was silent on service in a foreign country at the time, was ineffective under former Rule 4(h), due to lack of amenability to service. The Court held:

> [B]efore a court may exercise personal jurisdiction over a Defendant, there must be more than notice to the Defendant and a constitutionally sufficient relationship between the Defendant and the forum. There also must be a basis for the Defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the Defendant. Thus, under Rule 4(e), a federal court normally looks either to a federal statute or to the long-arm statute of the State in which it sits to determine whether a Defendant is amenable to service, a prerequisite to its exercise of personal jurisdiction.

Id. at 104–105.

"Amenability," therefore, means the existence of an explicit federal provision for international service or the existence of a state long-arm statute which authorizes such service. *See* Id.; and Mwani v. bin Laden, 417 F.3d 1, 8–9 (D.C. Cir. 2005).

However, "amenability" to service, even for foreign residents, has been substantively eliminated as an issue in cases under the Federal Rules of Civil Procedure, because in 1993, the Advisory Committee on Civil Rules replaced the former Federal Rule Rule 4(i) with what is now Rule 4(f). Subdivision (f) of Rule 4 is a comprehensive provision for service of a summons and complaint on individuals residing in a foreign country. The history of the rule, the Practice

Notes and the 1993 Advisory Committee Notes indicate that the new Rule 4(f) was drafted in response to the United States Supreme Court's decision in Omni Capital International, such that its enactment would nullify Omni's amenability requirement that there be explicit authorization by state or federal law for service outside the United States. According to the Note of the Advisory Committee: "[g]iven the substantial increase in the number of international transactions and events that are the subject of litigation in federal courts, it is appropriate to infer a general legislative authority to effect service on Defendants in a foreign country." Advisory Committee on Civil Rules, Note to Subdivision (f) (1993). The texts of Rule 4(f) and (k) facilitate the use of state long-arm statutes to assert jurisdiction over defendants who cannot be served under state law, but who can be constitutionally subjected to the jurisdiction of a particular court through minimum contacts or the physical location of subject property, by legislatively authorizing service on those foreign resident individuals.

Because the Guam Rules of Civil Procedure are directly derived from the 2003 Federal Rules of Civil Procedure, federal cases interpreting the rules constitute highly persuasive authority in Guam. People v. Diaz, 2007 Guam 3 ¶ 14, n.4. Therefore, since the 1993 amendment to the Federal Rules of Procedure and Guam's adoption of these amended rules, including Rule 4(f), in order to establish that the Superior Court of Guam has jurisdiction over a particular defendant the Plaintiff must show through its pleadings or other evidence: 1) that service of process has properly been effected; and 2) that there is a constitutionally valid basis for the exercise of personal jurisdiction by the Court.

Any judgment entered against a defendant who fails to appear cannot be enforced if the court has never established jurisdiction over the defendant through proper service. Bixler v. Foster, 596 F.3d 751, 761–62 (10th Cir. 2010). More significantly, a default judgment obtained against a resident of a foreign nation who is not properly served under Rule 4(f) is void for lack of personal jurisdiction and must be vacated. Shenouda v. Mehanna, 203 F.R.D. 166, 171–72 (D. N.J. 2001). The Supreme Court of Guam has adopted these concepts with regard to default judgments in Guam, stating: "[w]hen it is found that there has been defective service of process,

the judgment is void . . . .'" <u>Pineda v. Pineda</u>, 2005 Guam 10 ¶ 19 (quoting <u>In re Cossio</u>, 163 B.R. 150, 154 (B.A.P. 9th Cir. 1994) (citation omitted)).

A court has an affirmative duty to *sua sponte* examine its jurisdiction over the parties when judgment is sought against a party who has failed to plead, appear, or otherwise defend against the action, to ensure that it does not enter a void judgment. <u>System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy</u>, 242 F.3d 322, 324 (5th Cir. 2001); *accord* <u>Mwani v. bin Laden</u>, 417 F.3d 1, 6 (D.C. Cir. 2005); <u>Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.</u>, 115 F.3d 767, 772 (10th Cir.1997); *see also* <u>Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.</u>, 619 F.3d 207, 213–14 (2d Cir. 2010); and <u>In re Tuli</u>, 172 F.3d 707, 712 (9th Cir. 1999). A failure to serve process will lead to a dismissal of the action; however, the court should not resolve the question without first giving the plaintiff an adequate opportunity to assert facts establishing the court's jurisdiction over the defendant. <u>In re Tuli</u>, 172 F.3d 707, 713 (9th Cir. 1999). The plaintiff bears the initial burden of establishing jurisdiction, but the court "ordinarily demands only a prima facie showing of jurisdiction by the plaintiff[ ]." <u>Mwani v. bin Laden</u>, 417 F.3d 1, 6–7 (D.C. Cir. 2005).

The Plaintiff's application is deficient in substantial respects regarding this *prima facie* showing that proper service will be effected. Rule 4(e) of the Guam Rules of Civil Procedure requires that *if* a person against whom an action is filed is a resident of Guam or any other jurisdiction of the United States, they must be served either: (1) under the laws of Guam; (2) "as prescribed by the law of the place where the person is served;" or (3) in person, or at his residence by leaving it with a household member of suitable age, or by serving the person's agent. GRCP Rule 4(e)(2012). However, if the Defendants are not residents of Guam or any jurisdiction of the United States, nor incorporated in Guam or any United States Jurisdiction then personal service must be made under GRCP Rule 4(f), as the legislatively authorized method of service on residents or corporations of sovereign foreign nations, and may no longer be made "in any manner prescribed or authorized by the laws of Guam," as permitted under GRCP Rule 4(e)(1), but instead must be made in conformity with GRCP Rule 4(f).

The Plaintiff's verified Complaint in CV1224-12 states in relevant part: "R.K. is informed and believes, and upon such information and belief, alleges that Defendant SMART HAND INTERNATIONAL, INC. ("Smart"), was, and is at all relevant times mentioned herein, a corporation authorized to conduct business on Guam." R.K., Inc. v. Smart Hand International, Inc. et al, Civil Case No.CV1224-12, Compl. for Unlawful Detainer, pp. 1–2, ¶ 3 (filed October 29, 2012). This statement is not verified or certified on personal knowledge, and therefore, cannot support a finding that Defendant Smart Hand International, Inc., is a domestic corporation subject to service in Guam. Next, the application itself states; "[t]o the best of Plaintiff's knowledge, said defendants are in the Philippines and their present whereabouts are unknown to plaintiff." Again, this statement is unverified and not declared true under penalty of perjury. However, this language indicates that the Defendants are currently located in the Philippines. The Plaintiff's attorney's statements seem to indicate that Defendants are most likely a foreign resident and incorporation of the Philippines.

In order for the Court to properly enter any judgment, it has to appear from either the declaration of service or other verified document that service of process will be properly effected on the defendant against whom judgment will be entered. In this case, there are no allegations which would lead the Court to believe that the Defendants are subject to service of process under the laws of Guam. In fact, the unverified statements of the complaint and the application would tend to show that Defendants are resident in a foreign country, and are therefore, not subject to service of process under Guam law.

Rule 4(e)(1), allowing for service of process through publication by statute through Rule 4(o), is only applicable where the defendant resides in a jurisdiction of the United States. Elisan Entertainment, Inc. v. Suazo, 206 F.R.D. 335, 335–38 (D. Puerto Rico 2002). "[W]hile it is true that the current Fed.R.Civ.P. 4(e)(1) permits the use of state law to perform extraterritorial service, by its own terms, its usage is strictly limited to service upon individuals within 'any judicial district of the United States.'" Id., at 336. Service of process on residents of foreign countries "must be made pursuant to Fed.R.Civ.P. 4(f)." Id. Service on a foreign corporation must also be made through the foreign service requirements of Rule 4(f). GRCP Rule

4(h)(2012). There is a special procedure for serving residents of foreign nations under Rule 4(f):

> [W]hen a party seeks to serve process on an individual residing in a foreign country, the Court must follow this two (2) prong test: first it must ascertain whether the foreign country in which the party to be served is residing has entered into any international agreement with the United States, such as the Hauge(sic) Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of November 15, 1965, which is specifically mentioned by Rule 4(f)(1). If there is no applicable internationally agreement which might provide a reasonable means of service, then the party serving process must do so using one of the several methods provided by subsection (f)(2).

Id.

Because Defendants are not alleged to be residents of Guam or any United States jurisdiction, but rather, probably resident or incorporated in the Philippines, as suggested by the Plaintiff: 1) service under Rules 4(e)(1) and (o) is most likely not applicable; and 2) service under GRCP Rule 4(f) must be effected as a precursor to the exercise of personal jurisdiction over the Defendants and entry of judgment, as no evidence that a waiver has been obtained from the Defendants has been provided to the Court by the Plaintiff. Id.

The Philippines is not a party to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, and it is not apparent that it is a party to any treaties or contracts regarding service with the United States. GRCP Rule 4(f)(1) is not applicable in such an instance. Therefore, it appears that the Plaintiff will be required to comply with other subsections of Rule 4(f). There are no exceptions to the foreign service requirements of Rule 4(f), and the Court may not apply Guam law to override international law. *See, e.g.*, Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988) (compliance with the service requirements of the Hague Convention under Rule 4(f) is mandatory when serving a foreign defendant in a signatory country); and Societe Nationale Industrielle Aerospatiale v. United States District Court, 482 U.S. 522, 534 n. 15, (1987).

Perhaps most importantly, because the Defendants are likely resident in the Philippines, Rule 4(l) regarding proof of service, contains a special provision for proving service in a foreign

country, specifically requiring that if process is served in a foreign country by any of the methods described in Rule 4(f)(2) or Rule 4(f)(3), the proof of service must include a receipt signed by the addressee or other tangible evidence of delivery to the addressee showing compliance with the law of the receiving country which is satisfactory to the court. GRCP Rule 4(1) (2012) ("Proof of service in a place not within Guam or any other jurisdiction of the United States, its territories, commonwealths, or possessions shall, . . .if effected under paragraph (2) or (3) thereof, include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court."). For the obvious reason that a foreign defendant will usually not be present in the forum jurisdiction, this requirement is intended to assure the Court that the process was properly served in the foreign country. Only upon the provision of this proof of service may the Court be assured that it may properly exercise personal jurisdiction over the foreign defendant. The method of service proposed and requested by the Plaintiff requires no return of a signed receipt or other tangible proof of service to the Defendants as required by Rule 4(l). This is not sufficient to satisfy Rules 4(f) and (l).

In Saysavanh v. Saysavanh, 145 P.3d 1166 (Utah App. 2006), Husband filed an amended petition for divorce in Utah seeking dissolution of marriage from Wife, who lived in Mexico. Id. at 1167. Approximately one week later, Husband filed a motion for alternative service pursuant to Rule 4(d)(3)(B)(iii) of the Utah Rules of Civil Procedure. Id. Like the Guam Rules of Civil Procedure, the Utah Rules of Civil Procedure were directly derived from the Federal Rules of Civil Procedure. The trial court granted the motion for alternative/substituted service, and the next month, the court clerk mailed an Amended Verified Petition for Divorce, a summons, a Motion for Order to Show Cause, and an Order to Show Cause to Wife in Mexico, requesting a return receipt. Id. at 1167–68. The receipt was later returned to the court clerk unsigned and without any other indication that the documents had been delivered to Wife. Id. Wife did not appear at the hearing to show cause. Id. Despite Wife's absence, the trial court granted Husband's motion for order to show cause, and subsequently entered a default decree of divorce. Id. Upon becoming aware of the default divorce decree, Wife immediately obtained counsel in Utah and filed a motion to set aside the default decree of divorce pursuant to Rule

60(b) on the basis of lack of personal jurisdiction. Id. The trial court denied the motion to set aside the default decree, finding that Husband "made every effort possible to apprise [Wife] of the divorce proceedings, including strict compliance with Rule 4(d)(3)(B)(iii) of the Utah Rules of Civil Procedure." Id.

The Court of Appeals of Utah reversed the trial court's decision, finding that where the rules set forth a particular manner of effecting international service, such as the Hague Service Convention, that manner of service is controlling and strict compliance is required, stating:

> Rule 4 of the Utah Rules of Civil Procedure governs service of process, and subsection 4(d)(3) specifically governs service of process in a foreign country. See Utah R. Civ. P. 4(d)(3). In order to determine which part of subsection 4(d)(3) is applicable, we first assess whether there is an internationally agreed means of service in Mexico, "such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Utah R. Civ. P. 4(d)(3)(A). If there exists an internationally agreed means of service between the countries, rule 4(d)(3)(A) is applicable. See id. If there is no internationally agreed means of service, rule 4(d)(3)(B) is applicable. See Utah R. Civ. P 4(d)(3)(B).

Id.

Finding that Husband had served Wife under Rule 4(d)(3)(B), instead of Rule 4(d)(3)(A) and the Hague Service Convention, as the internationally agreed means of service between Mexico and the United States, the appellate court held that the default decree was improperly entered against Wife: "Husband has failed to properly serve Wife according to rule 4(d) of the Utah Rules of Civil Procedure and the Hague Service Convention. As a result, service of process was not properly effectuated and the trial court lacks personal jurisdiction. We therefore reverse the trial court's denial of Wife's motion to set aside the default decree of divorce." Id. at 1169.

Similarly, in Ward v. Ludwig, 778 N.E.2d 650 (Ohio Ct. App. 2002), following the entry of a default decree of divorce, Wife, a German citizen, entered an appearance for limited purpose of contesting the trial court's jurisdiction and petitioning to vacate the judgment. Id. at 651. The trial court denied the petition. Id. The Ohio Court of Appeals overturned the trial court, holding that the decree of divorce was void for lack of service. Id. at 652–53. The

appellate court found that Husband, who filed the action while Wife was living in Germany, was required to comply with the provisions of the Hague Service Convention, which was adopted by both Germany and the United States; and even though Wife had received actual notice of the complaint and related papers, it was error for the trial court to allow alternative service by registered mail. Id.

The point of these cases is clear. In order for the trial court to enter a valid and binding judgment of divorce against a resident or corporation of a foreign nation, service must be validly made in that country under the proper rule of procedure, and any applicable agreed international service provisions; where there is no such provision, Rule 4(f)(2) requires that service must be effected under the laws of the country in which service will occur. Service which does not comply with a specifically applicable foreign service provision is invalid, and no judgment may be entered thereon, even if personal service which would be valid within the United States has been effected under a different rule. Between sovereign nations, the laws of the sovereign are controlling with regards to its own citizens.

Because the Plaintiff has only alleged facts which indicate that the method of service proposed by the Plaintiff must comply with the laws of the Philippines, at this time, the Court must DENY the issuance of substituted service under 7 GCA § 14106 through Rule 4(o), on Defendant Daniel Arcenas, as requested by the Plaintiff.

Next, although not addressed in Plaintiff's application, 7 GCA § 14105 is the statute which governs substituted service on Guam corporations, and is also most likely not applicable at this time based on the facts alleged by the Plaintiff. This statute applies specifically to Guam corporations. It states:

> The summons must be served by delivering a copy thereof as follows: 1) *If the suit is against a domestic corporation*, to the president or other head of the corporation, a vice president, a secretary, an assistant secretary, general manager, or a person designated for service of process or authorized to receive service of process. If such corporation is a bank, to any of the foregoing officers or agents, thereof, or to a cashier or an assistant cashier thereof. If no such officers or agents of the corporation can be found within Guam after diligent search, then to the Director of Revenue and Taxation as provided in 18 GCA § 6101, unless the corporation be of a class expressly excepted from the operation of that section.

7 GCA § 14105 (2012) (emphasis added).

18 GCA § 6101 states in relevant part:
If [a designation of an agent for service] has not been filed with the Director of Revenue and Taxation, or if process *against any domestic corporation* cannot, with the exercise of due diligence, be served upon the person designated or in any other manner provided by law, service may be had upon such corporation by delivering to the Director of Revenue and Taxation, or to any person employed in his office in the capacity of a deputy, duplicate copies of such process, together with a fee of Forty Dollars ($40.00), which shall be included in the taxable costs of the suit, action, or proceeding. Upon the receipt of such process and fee, the Director of Revenue and Taxation shall forthwith give notice of the service of such process to the corporation at its principal office in Guam, and shall deliver to such office, a copy of such process. The defendant shall appear and answer within thirty (30) days after such service upon the Director of Revenue and Taxation.

18 GCA § 6101 (2012) (emphasis added).

Service of process on Defendant Smart Hand International, Inc., might be available if the corporation is alleged to be domestic. However, the Plaintiff has presented no statements which are certified or declared true under penalty of perjury that would allow this Court to make a finding that Defendant Smart Hand International, Inc. is a domestic corporation, and therefore, is subject to service under 7 GCA § 14105 and 18 GCA § 6101. On the basis of the pleadings and the "application" in their current state, the Court cannot permit substituted service upon either named Defendant.

The Plaintiff has failed to particularly plead and prove the residency of Defendant Daniel Arcenas, and the place of incorporation of Defendant Smart Hand International, Inc., in order for the Court to determine whether the Defendants are subject to service of process under 7 GCA §§ 14105 and 14106, as permitted by Rule 4(e) and the laws of Guam, or whether the Defendants are resident of, and incorporated in, a foreign country and must be served in accordance with Rule 4(f). Currently, the Plaintiff has only plead (and not proved) facts which highly suggest that the Defendants are only subject to service under Rule 4(f), thus negating service by publication and mailing under the laws of Guam, as permitted under Rule 4(e)(1), and thus requiring that the application requesting an Order for Publication of Summons be DENIED at this time.

2) <u>Requirements of Substituted Service and Failure to Present Affidavit or Declaration in Support of Order Allowing Service by Publication Pursuant to 7 GCA § 14106</u>

Even if the Plaintiff were to demonstrate that the Defendants could be subject to any service allowed under Guam law or U.S. law under GRCP Rule 4(e)(1), the current GRCP Rule 4 only allows for service through publication and mailing as permitted by statute or court order, in accordance with due process. GRCP Rule 4(o)(2012). 7 GCA § 14106 is the controlling statute with regard to persons, and specifically allows for service by publication and mailing instead of personal service under GRCP Rule 4(e)(1) or (2), only when an application is made to the Court upon a verified *affidavit* (or declaration, *see* 6 GCA § 4308) swearing either that the person "has departed from Guam . . .or conceals himself to avoid the service of summons" and that "a cause of action exists against the defendant." 7 GCA § 14106 (2012). It states in relevant part:

> (a) *Where the person on whom service is to be made has departed from Guam,* and cannot, after due diligence, be found in Guam, *or conceals himself to avoid the service of summons . . . and the fact appears by affidavit* to the satisfaction of the court, or a judge thereof, and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made . . . such court or judge may make an order that the service be made by the publication of the summons and by mailing the complaint and summons. (b) Service by mail shall be by any kind of U.S. Postal Service delivery that provides for written proof of mailing, written proof of delivery and restricted delivery to the addressee only.

7 GCA § 14106 (emphases added).

The Plaintiff apparently requests that this order for service by publication issue because the Defendants are not currently present in Guam, and their exact whereabouts are unknown. However, service by publication and mailing under 7 GCA §14106, in lieu of personal service under GRCP Rule 4, constitutes substituted service, and has specific factual requirements which must be declared to the Court as true, under penalty of perjury.

7 GCA § 14106 was adopted from the California Code of Civil Procedure, Title 5, Jurisdiction and Service of Process, Chapter 3, Summons, §§ 412.10, *et. seq.* Where a Guam statute is derived from a California statute, California cases interpreting the statute are highly

persuasive, and the Superior Court of Guam must follow California precedent unless there is a compelling reason to deviate from the California law. Fajardo v. Liberty House Guam, 2000 Guam 4 ¶ 17; and Cruz v. Cruz, 2005 Guam 3 ¶ 9. Accordingly, 7 GCA § 14106 provides a method of substituted service and requires a showing that personal service is unavailing.

Under the specific language of 7 GCA § 14106, publication and mailing are to be utilized only when, "after due diligence" it is declared as true that the party to be served "has departed Guam" or "conceals himself to avoid service of the summons, . . ." 7 GCA § 14106 (2012).

Even if the Court found that substituted service could be used to serve the Defendants in this case, the Plaintiff has not complied with the specific requirements of the substituted service provisions. 7 GCA § 14106 requires an "affidavit" or declaration swearing or declaring under penalty of perjury, not only that the Defendants cannot be found in Guam, but either: 1) both that the Defendants have "departed from Guam" AND "cannot . . . be found in Guam;" or 2) that the Defendants have concealed himself/herself "to avoid the service of summons . . . ." 7 GCA § 14106. Both of these options are carefully worded to allow the Court to make a supported factual finding that the Defendants were formerly present in Guam and/or are now attempting to avoid service, not merely that a defendant is not present in Guam.

Plaintiff has failed to file any affidavit or declaration to support its application.

Regarding the Defendants' "depart[ure]" from Guam, the Court can find no admissible statements within the file which would allow the Court to make an evidentiary finding required to support an order for substituted service. Nor does the verified complaint of the Plaintiff contain any statements that the Defendants were formerly resident in Guam. No truly declared statements that the Defendants have ever resided in Guam and thus, have ever "departed from Guam" are present. The Court finds that the complete lack of verified statements regarding the Defendants' previous presence in and flight from Guam, or amenability to service in Guam, renders the Plaintiff's application inadequate to support the issuance of an order for publication and mailing under 7 GCA § 14106.

Regarding the Defendants' "concealment" from service, Plaintiff's verified complaint and application are also silent. In Kahn v. Matthai, interpreting the former California Code of Civil Procedure § 412, the direct and identical forerunner to 7 GCA § 14106, service by publication was originally permitted by the trial court on the ground that the defendant was seeking to conceal herself to avoid the service of the summons, however, on appeal, the judgment was overturned by the Supreme Court of California, on the basis that the affidavit submitted did not contain declared facts which had any actual tendency to show that the defendant had departed from California or was concealing herself from service, and thus, the affidavit was insufficient. Id. at 692–93.

Service by publication and mailing is not to be lightly granted, nor lightly treated under 7 GCA § 14106, as it is permitted only in the alternative that personal service pursuant to GRCP Rule 4(e) cannot be made because of the defendant's actions. GRCP Rule 4(e)(1) and (2), and Burchett, 33 Cal.App.4th at 1477. The affidavit (or declaration) must be in proper form in order for the Court to grant the order for publication and acquire jurisdiction over the Defendants, and must allege that the Defendants were formerly present in Guam and fled, or that they are concealing whereabouts to avoid service. Forbes v. Hyde, 31 Cal. 342, 350 (Cal. 1866). "If either of these facts does not appear by affidavit, the court or judge has no jurisdiction to make the order, and an order made thereon will be insufficient to sustain a judgment based upon such service." Rue v. Quinn, 137 Cal. 651, 655–57, 66 P. 216, 217 (Cal. 1902).

The Plaintiff's application fails to contain a declaration or affidavit containing the minimum requirements for the issuance of an order for service by publication and mailing. Further, although the verified complaint could supplement the application, the verified complaint neither declares that the Defendants resided in Guam and have fled, nor that the Defendants are concealing themselves to avoid service under GRCP Rule 4(e). An undeclared statement of an attorney in a motion to the effect that a person is not present in Guam does not satisfy the requirements of 7 GCA § 14106.

Accordingly, the verified complaint and application fail to properly declare the specific facts required by 7 GCA 14106, and the Plaintiff's request for an Order for Publication would be DENIED on this basis as well.

Finally, Plaintiff's application and verified complaint further fail to allege that personal service pursuant to GRCP Rule 4(e)(1) or (2) was ever attempted or was not possible in this case, as required to satisfy the statute's requirement of due diligence.

It is clear from the language of 7 GCA § 14106 that other methods of service are preferred to service by publication and mailing, and a party must exercise "due diligence" prior to seeking an order permitting service under this statute.

Interpreting the former California Code of Civil Procedure § 412, from which 7 GCA § 14106 is directly derived, the Supreme Court of California has interpreted "due diligence" to mean actual, documented efforts to locate and personally serve a defendant. Kahn v. Matthai, 115 Cal. 689, 692, 47 Pac. 698, 699 (Cal. 1897); see also Chapman v. Moore, 151 Cal. 509, 513–14, 91 P. 324, 325–26 (Cal. 1907); Quinn, supra, at 217; and Forbes, supra, at 350. In Kahn, the court found that the first step in showing "diligence" in requesting service by publication under the statute is the filing of a prescribed affidavit showing in detail the probative facts indicating a thorough search to locate the defendant, including the dates of any attempts to serve the defendant by another method of service; thus, an affidavit which did not include this information was "fatally defective in failing to show with accuracy the efforts made to serve defendant with summons." Id. In accordance with the language of the statute, service by publication and mailing under 7 GCA § 14106 is only available as an option of last resort, when a defendant has fled Guam or is hiding somewhere to avoid service, and the plaintiff has exercised due diligence, but has been unable to locate and personally serve the defendant due to the defendant's evasion.

In accordance with the due process clause, and cases interpreting the former CCCP § 412, identical to 7 GCA § 14106, the Court finds that it is improper for a party to make a request for service by publication and mailing on a party prior to exercising due diligence through documented attempts to serve the party by other means reasonably calculated to give

actual notice, such as personal service. In this case, it is not apparent from the allegations of the verified complaint and the application that any attempt at personal service has been made. No attempt at personal service is documented in order for the Court to make a finding as to due diligence. *See* Goetz, 415 F.3d at 485 ("due diligence is absent where the plaintiffs have failed to make any attempts to perform service at known addresses."); and Trackman v. Kenney, 187 Cal.App.4th 175, 185 (Cal.App.3.Dist. 2010) ("Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made."). Thus, even if the Court found that the Defendants were not subject to Rule 4(f)(2) or (3), and could instead be subject to Rule 4(e), the Court would find that the Plaintiff has improperly made a request for service by publication and mailing without demonstrating any attempts at due diligence, and the Court would be required to DENY any request by the Plaintiff for an order permitting service under 7 GCA § 14106 and Rule 4(o), made prior to demonstrating any attempt at personal service.

## CONCLUSION

After considering the "application," the Court finds that the Plaintiff's request for substituted service is improperly made under CVR 7.1, and more importantly, is unaccompanied by any declaration or affidavit (or even the verified complaint) attesting the facts required under 7 GCA § 14106 or 7 GCA § 14105. Based upon the foregoing, the Application for Order for Service by Publication is DENIED. Plaintiff must file a proper motion and either an amended verified complaint, affidavit, or declaration setting forth the facts required to allow the Court to make an evidentiary finding which would support the issuance of an order for substituted service under 7 GCA §§ 14105 and 14106.

**IT IS SO ORDERED** this  DEC 05 2012 .

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

DEC 05 2012

Cynthia T. Tiong
Deputy Clerk, Superior Court of Guam